# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

SOUTHAMPTON, LTD. and )
SOUTHWEST REINSURANCE, INC., )
                                           )
                 Plaintiffs, )
                                           )
vs. )                 Case No. CIV-14-852-M
                                           )
VAHID SALALATI, GREGORY )
LUSTER, and ROGER ELY, )
                                           )
                 Defendants. )

## ORDER

Before the Court is defendants' Motion to Dismiss for Failure to State a Claim, filed September 17, 2014. On October 15, 2014, plaintiffs filed their response, and on October 28, 2014, defendants filed their reply. Pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), defendants move this Court to dismiss plaintiffs' complaint.

## I.    Introduction

According to plaintiffs,

> [t]his lawsuit arises from a guarantor's failure to repay amounts due under a promissory note memorializing an advance loan from Southampton, Ltd. in connection with the purchase of automobile dealerships in Oklahoma. In connection with this loan arrangement, the guarantor also agreed to sell vehicle service contracts and other ancillary products offered by Southwest Reinsurance, Inc. at its dealerships, but failed to sell the required number of products. Instead, the dealerships sold and continue to sell similar contracts offered by Southwest Reinsurance, Inc.'s competitors. Defendants are all partners and promoters of the guarantor, which they purportedly formed and then used as a vehicle to raise capital to acquire the dealerships.
>
> Moreover, instead of repaying the amounts owed to Plaintiffs, the guarantor made a substantial payment to one of its former directors at a time when the guarantor was insolvent or when such payment would cause the guarantor to become insolvent in violation

> of Oklahoma corporate law. Defendants are the guarantor's directors
> and approved of this unlawful payment.

Plaintiff's Original Complaint [docket no. 1] at ¶¶ 1-2. The guarantor at issue in this case is Four Horsemen Auto Group, Inc. ("Four Horsemen"). According to plaintiffs, defendants are directors and officers of Four Horsemen. *See* Plaintiff's Original Complaint at ¶ 15.

## II.    Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal

quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

   A. Causes of action for breach of the agreements

   Oklahoma law explicitly provides:

> No suit or claim of any nature shall be brought against any officer, director or shareholder for the debt or liability of a corporation of which he or she is an officer, director or shareholder, until judgment is obtained therefor against the corporation and execution thereon returned unsatisfied. This provision includes, but is not limited to, claims based on vicarious liability and alter ego. Provided, nothing herein prohibits a suit or claim against an officer, director or shareholder for their own conduct, act or contractual obligation arising out of or in connection with their direct involvement in the same or related transaction or occurrence.

Okla. Stat. tit. 12, § 682 (B).

Defendants assert that these causes of action are based on the actions of Four Horsemen and appear to sound in recovery under an "alter ego" or "piercing of the corporate veil" theory of liability. Because plaintiffs have not obtained a judgment against Four Horsemen, as required by section 682(B), defendants contend that these causes of action should be dismissed. In response, plaintiffs assert they are suing defendants directly for their own wrongful conduct, not vicariously for the conduct of Four Horsemen. Plaintiffs further assert defendants are liable for partnership debts as a result of their direct involvement as partners in the dealerships doing business under the name Terry Dodge Chrysler Jeep and Terry Chevrolet.

Having carefully reviewed plaintiffs' Original Complaint, the Court finds that plaintiffs are not suing defendants directly for their own wrongful conduct but are seeking to hold defendants

3

liable for Four Horsemen's alleged breaches of the guaranty, the advance agreement, and the producer agency agreement. Pursuant to section 682(B), because defendants are officers and directors of Four Horsemen, plaintiffs can not bring any claims against defendants for the debt or liability of Four Horsemen until judgment is obtained against Four Horsemen and execution thereon is returned unsatisfied. In their Original Complaint, plaintiffs do not allege that any judgment has been obtained against Four Horsemen or that execution thereon has been returned unsatisfied. Accordingly, the Court finds that plaintiffs' causes of action for breach of the agreements should be dismissed.

B.     Cause of action for unlawful stock purchase or redemption/unlawful dividend

Having carefully reviewed plaintiffs' Original Complaint, it is unclear whether plaintiffs are alleging in their fourth cause of action that defendants are liable for Four Horsemen's violation of sections 41 and 52 of the Oklahoma General Corporations Act ("OGCA") or that defendants are liable, pursuant to section 53 of the OGCA, as directors for the willful or negligent violation of the provisions of sections 41 and 52 of the OGCA. Regardless of which basis plaintiffs are alleging, the Court finds that this cause of action should be dismissed.

Section 1124 of the OGCA provides:

> No suit shall be brought against any officer, director or shareholder for any debt of a corporation of which he is an officer, director or shareholder, until judgment is obtained therefor against the corporation and execution thereon returned unsatisfied.

Okla. Stat. tit. 18, § 1124(B). As set forth above, plaintiffs do not allege that any judgment has been obtained against Four Horsemen or that execution thereon has been returned unsatisfied. Accordingly, the Court finds that defendants can not be held liable, at this time, for Four Horsemen's alleged violation of sections 41 and 52 of the OGCA.

Section 1053 of the OGCA provides, in pertinent part:

> In case of any willful or negligent violation of the provisions of Sections 41 and 52 of this act, the directors under whose administration the same may happen shall be jointly and severally liable, at any time within six (6) years after paying any unlawful dividend or after any unlawful stock purchase or redemption, to the corporation, and <u>to its creditors in the event of its dissolution or insolvency</u>, to the full amount of the dividend unlawfully paid, or to the full amount unlawfully paid for the purchase or redemption of the corporation's stock, with interest from the time such liability accrued.

Okla. Stat. tit. 18, § 1053(A) (emphasis added). In their Original Complaint, plaintiffs do not allege that Four Horsemen has been dissolved or is insolvent. The Court, therefore, finds that plaintiffs have failed to state a claim under section 1053 of the OGCA.

Accordingly, the Court finds that plaintiffs' fourth cause of action should be dismissed.

### C. Leave to amend

In the conclusion of their response, plaintiffs request that they be given leave to amend to cure any defects in the allegations if the Court grants defendants' motion to dismiss. Having reviewed the parties' submissions, as well as plaintiffs' Original Complaint, the Court finds that plaintiffs should not be granted leave to amend their first three causes of action that seek to hold defendants liable for the debt and/or liability of Four Horsemen but should be granted leave to amend their fourth cause of action to cure the pleading deficiency set forth above.

### IV. Conclusion

Accordingly, the Court GRANTS defendants' Motion to Dismiss for Failure to State a Claim [docket no. 7], DISMISSES plaintiffs' Original Complaint, and GRANTS plaintiffs leave to file an amended complaint to cure the pleading deficiency in their cause of action for unlawful stock

purchase or redemption/unlawful dividend. Said amended complaint shall be filed within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED this 19th day of February, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE