# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

SOUTHAMPTON, LTD. and )
SOUTHWEST REINSURANCE, INC., )
                                        )
          Plaintiffs, )
                                        )
vs. )       Case No. CIV-14-852-M
                                        )
VAHID SALALATI, GREGORY )
LUSTER, and ROGER ELY, )
                                        )
          Defendants. )

## ORDER

Before the Court is defendants' Motion to Dismiss Plaintiffs' First Amended Complaint for Failure to State a Claim, filed March 25, 2015. On April 14, 2015, plaintiffs filed their response, and on April 21, 2015, defendants filed their reply.

On March 5, 2015, plaintiffs filed a First Amended Complaint in this case. According to plaintiffs, "[t]his lawsuit stems from Defendants' unlawful actions in authorizing a dividend or redemption of stock owned by Terry, a former officer, at a time when the company and its operating subsidiaries were insolvent and should have been paying their creditors." Plaintiffs' First Amended Complaint and Jury Demand [docket no. 24] at ¶ 1. Defendants are or were the directors and officers of Four Horsemen Auto Group, Inc. ("Four Horsemen"). *See id.* at ¶ 13.

Pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), defendants move this Court to dismiss plaintiffs' First Amended Complaint for failure to state a claim. Specifically, defendants contend this case should be dismissed because prior to bringing this case, plaintiffs failed to obtain an unsatisfied judgment against Four Horsemen, as required by Okla. Stat. tit. 18, § 1124(B) and Okla. Stat. tit. 12, § 682(B).

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

In their First Amended Complaint, plaintiffs allege one cause of action against defendants – that defendants are liable, pursuant to section 53 of the Oklahoma General Corporations Act

("OGCA"), as directors for the willful or negligent violation of the provisions of sections 41 and 52 of the OGCA. Specifically, in their First Amended Complaint, plaintiffs allege:

> 37. Plaintiffs are creditors of Four Horsemen, which is insolvent and has ceased doing business and is effectively dissolved.
>
> 38. Salalati, Luster, and Ely have served as directors of Four Horsemen at all relevant times.
>
> 39. In or about September 2013, Salalati, Luster, and Ely caused Four Horsemen to pay a dividend, or to purchase or redeem its own shares of capital stock held or owned by Terry for cash at a time when Four Horsemen was insolvent and the purchase or redemption would cause impairment of the capital of Four Horsemen, in violation of Sections 41 and 53 of the Oklahoma General Corporations Act.
>
> 40. Four Horsemen was under the administration of directors Salalati, Luster, and Ely at the time when Four Horsemen violated Sections 41, 52 and/or 53 of the Oklahoma General Corporations Act, and Salalati, Luster, and Eli willfully or negligently caused such violations. Defendants had knowledge of the facts indicating that such a redemption and payment were unlawful. Further, Defendants knew or should have known of Four Horsemen's obligation to Plaintiffs as creditors and that Four Horsemen was insolvent when it redeemed Terry's interest and paid Terry a cash dividend. Defendants willfully or negligently avoided their obligation to Plaintiffs as creditors when redeeming Terry's interest and making cash payments to Terry.

First Amended Complaint at ¶¶ 37-40.

Section 53 of the OGCA provides, in pertinent part:

> In case of any willful or negligent violation of the provisions of Sections 41 and 52 of this act, the directors under whose administration the same may happen shall be jointly and severally liable, at any time within six (6) years after paying any unlawful dividend or after any unlawful stock purchase or redemption, to the corporation, and to its creditors in the event of its dissolution or insolvency, to the full amount of the dividend unlawfully paid, or to the full amount unlawfully paid for the purchase or redemption of the corporation's stock, with interest from the time such liability accrued.

3

Okla. Stat. tit. 18, § 1053(A).

Defendants first contend that Okla. Stat. tit. 18, § 1124(B) requires plaintiffs to obtain an unsatisfied judgment against Four Horsemen prior to bringing any action pursuant to section 53 of the OGCA. Section 1124(B) provides:

> No suit shall be brought against any officer, director or shareholder <u>for any debt of a corporation</u> of which he is an officer, director or shareholder, until judgment is obtained therefor against the corporation and execution thereon returned unsatisfied.

Okla. Stat. tit. 18, § 1124(B) (emphasis added). Because a cause of action pursuant to section 53 of the OGCA is not to recover a debt of a corporation, but is to recover the full amount of the dividend unlawfully paid or the full amount unlawfully paid for the purchase or redemption of the corporation's stock, the Court finds that section 1124(B) does not apply to such a cause of action and that a party can maintain a cause of action under section 53 without obtaining a judgment against the corporation.[1]

Defendants also contend that Okla. Stat. tit. 12, § 682(B) requires plaintiffs to obtain an unsatisfied judgment against Four Horsemen prior to bringing any action pursuant to section 53 of the OGCA. Section 682(B) provides:

> No suit or claim of any nature shall be brought against any officer, director or shareholder for the debt or liability of a corporation of which he or she is an officer, director or shareholder, until judgment is obtained therefor against the corporation and execution thereon returned unsatisfied. This provision includes, but is not limited to, claims based on vicarious liability and alter ego. Provided, nothing herein prohibits a suit or claim against an officer, director or

---

[1] The Flether Cyclopedia of the Law of Corporations provides further support for this Court's finding. "If the statutory liability of directors extends to parties other than the corporation, it generally may be enforced without exhausting other remedies or obtaining a judgment against the corporation." 12 *Fletcher Cyc. Corp.* § 5434.

4

> shareholder for their own conduct, act or contractual obligation arising out of or in connection with their direct involvement in the same or related transaction or occurrence.

Okla. Stat. tit. 12, § 682(B). Because plaintiffs' section 53 cause of action is based upon defendants' own conduct and is not to recover a debt of Four Horsemen, the Court finds that section 682(B) does not apply to the instant cause of action and that plaintiffs can maintain this cause of action without obtaining a judgment against Four Horsemen.

Finally, defendants dispute that plaintiffs are actually creditors of Four Horsemen and dispute the validity of the various agreements plaintiffs allegedly entered into with Four Horsemen. However, "[the court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's amended complaint alone is legally sufficient to state a claim for which relief can be granted." *Brokers Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014) (internal quotations and citations omitted). Having carefully reviewed plaintiffs' First Amended Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds plaintiffs have set forth sufficient factual allegations to state a cause of action pursuant to section 53 of the OGCA.

Accordingly, for the reasons set forth above, the Court DENIES defendants' Motion to Dismiss Plaintiffs' First Amended Complaint for Failure to State a Claim [docket no. 29].

**IT IS SO ORDERED this 27th day of April, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE