# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

SOUTHAMPTON, LTD. and )
SOUTHWEST REINSURANCE, INC., )
                                                )
               Plaintiffs, )
                                                )
vs. )   Case No. CIV-14-852-M
                                                )
VAHID SALALATI, GREGORY )
LUSTER, and ROGER ELY, )
                                                )
               Defendants. )

## ORDER

Before the Court is plaintiffs' Motion to Compel and to Determine Claim of Privilege, filed September 15, 2016. On September 30, 2016, defendants filed their response, and on October 5, 2016, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.    Background

On or about March 23, 2016, plaintiffs gave notice of their intent to subpoena documents from non-parties Mr. Horton, Mr. Gardner, and Mr. Hartwig (the "Investor Witnesses"). The Investor Witnesses were co-investors in two automobile dealerships in Duncan, Oklahoma through the investment vehicle HGH Auto Group, LLC ("HGH"), along with defendants and non-party Michael Terry. Two of the Investor Witnesses, together with HGH, and defendants were jointly represented by John Thompson of the firm Crowe & Dunlevy in a receivership proceeding involving those dealerships.

The return date on the subpoenas was approximately thirty days after service. On April 21, 2016, counsel for the Investor Witnesses called and was granted an extension of time on the production of documents to accommodate his review of extensive e-mails. On May 11, 2016, the

Investor Witnesses made their initial production of documents, which was supplemented on May 20 and June 2, 2016.

On July 18, 2016, plaintiffs' counsel gave notice to defendants' counsel, the Investor Witnesses' counsel, and Mr. Thompson that he was in possession of facially-privileged documents. In his letter, plaintiffs' counsel advised that he believed there had been an intentional waiver of privilege and that in any event, no privilege attached because of the crime-fraud exception, and made demand that all documents relating to the subject matter held by Crowe & Dunlevy be produced. On August 2, 2016, defendants' counsel responded to the July 18, 2016 letter and disputed whether there was an intentional waiver and the application of the crime-fraud exception. Defendants' counsel further claimed that he had been promised by plaintiffs, but never received, a copy of the documents produced by the Investor Witnesses.[1] On August 4, 2016, counsel for the Investor Witnesses denied there had been a waiver of the attorney-client privilege and denied the application of the crime-fraud exception. On August 12, 2016, plaintiffs responded and requested a privilege log in fifteen days. That same day, an email attaching the production was sent to defendants and to Mr. Thompson. On September 6, 2016, plaintiffs again asked for a privilege log. On September 14, 2016, defendants provided plaintiffs with a privilege log.

Plaintiffs now move this Court to order that the documents be un-sequestered and that the Investor Witnesses produce all responsive documents in Crowe & Dunlevy's files, or, at a minimum, that they not be required to return the documents to the Investor Witnesses so that they can be used in litigation and other proceedings against them.

---

[1]Plaintiffs dispute any prior discussion or agreement to provide a copy of the production.

II.     Discussion

Plaintiffs assert that the Investor Witnesses intentionally waived the attorney-client privilege by producing the documents and that the intentional waiver also requires the production of all documents responsive to the subpoenas in the possession of Crowe & Dunlevy. Plaintiffs further assert that defendants waived any privilege by intentionally failing to protect subpoenaed documents or timely preparing a privilege log. Finally, plaintiffs assert that the attorney-client privilege is waived under the crime-fraud exception.

A.      Waiver

It is undisputed that the documents at issue fall within the protection of the attorney-client privilege and/or the work product doctrine. It also is undisputed that two of the Investor Witnesses, together with HGH, and defendants were jointly represented by Mr. Thompson and, thus, would have a joint-client privilege in relation to these documents. The issue for the Court to decide is whether said privilege has been waived by defendants.

Federal Rule of Evidence 502(b) provides:

> **(b) Inadvertent Disclosure.** When made in a federal proceeding or to a federal office or agency, the disclosure does not operate as a waiver in a federal or state proceeding if:
> **(1)** the disclosure is inadvertent;
> **(2)** the holder of the privilege or protection took reasonable steps to prevent disclosure; and
> **(3)** the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

Fed. R. Evid. 502(b). Further, waiving the joint-client privilege requires the consent of all joint clients. *See In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 363 (3d Cir. 2007).

Having carefully reviewed the parties' submissions, the Court finds that defendants have not waived the attorney-client privilege in relation to the documents produced by the Investor Witnesses. Specifically, the Court finds that the disclosure of the privileged documents was inadvertent. Defendants, themselves, did not produce the documents; third-parties produced the documents. Further, the Investor Witnesses did not obtain the consent of defendants to waive the joint-client privilege and, thus, the Investor Witnesses, on their own, could not waive the joint-client privilege as to the documents produced. Additionally, the Court finds defendants have satisfied the second element of Rule 502(b). Specifically, the Court finds that based upon the subpoena issued to the Investor Witnesses, it would have been reasonable for defendants not to anticipate that attorney-client privileged/joint-client privileged documents would be produced in response to the subpoena. The Court further finds that it would have been reasonable for defendants to believe that prior to the Investor Witnesses producing joint-client privileged documents, the Investor Witnesses would have contacted them to obtain their consent to waive the joint-client privilege. Finally, the Court finds that defendants promptly took reasonable steps to rectify the error once they were aware that the documents had been produced. Within four days of receipt of plaintiffs' counsel's letter advising defendants that plaintiffs were in possession of facially privileged documents, defendants' counsel wrote a letter to plaintiffs' counsel requesting the immediate return of the documents. Further, once the documents were produced by plaintiffs to defendants on August 23, 2016, defendants' counsel reviewed the voluminous documents – duplicates and approximately 1000 or more emails and email

strings – and prepared a privilege log, which was provided to plaintiffs' counsel on September 14, 2016.[2]

B.   Crime-Fraud Exception

Plaintiffs also assert that the attorney-client privilege regarding the documents at issue is waived under the crime-fraud exception. The crime-fraud exception provides that "[t]he attorney-client privilege does not apply where the client consults an attorney to further a crime or fraud." *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1551 (10th Cir. 1995) (internal quotations and citations omitted). "[S]ome type of prima facie showing of a crime or fraud is required under Oklahoma law in order to trigger the applicability of the crime-fraud exception." *Id.* (internal quotations and citation omitted).[3]

> The party claiming that the crime-fraud exception applies must present prima facie evidence that the allegation of attorney participation in crime or fraud has some foundation in fact. The determination of whether such a prima facie showing has been made is left to the sound discretion of the district court.

*Id.* (internal citations omitted).

A district court may conduct an *in camera* review to determine the applicability of the crime-fraud exception. *See id.*

> Before engaging in *in camera* review to determine the applicability of the crime-fraud exception, the judge should require a showing of

---

[2]During the time defendants' counsel was reviewing the documents, defendants' counsel had a family member unexpectedly fall ill and pass away, which delayed review of the documents.

[3]Federal Rule of Evidence 501 provides, in pertinent part: "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. Plaintiffs' claims in this case are governed by Oklahoma law, and, thus, Oklahoma law governs the determination of whether the attorney-client privilege applies and the applicability of the crime-fraud exception.

> a factual basis adequate to support a good faith belief by a reasonable person, that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies.
>
> Once that showing is made, the decision whether to engage in *in camera* review rests in the sound discretion of the district court. The court should make that decision in light of the facts and circumstances of the particular case, including, among other things, the volume of materials the district court has been asked to review, the relative importance to the case of the alleged privileged information, and the likelihood that the evidence produced through *in camera* review, together with other available evidence then before the court, will establish that the crime-fraud exception does apply.

*United States v. Zolin*, 491 U.S. 554, 572 (1989) (internal citation omitted). Finally, "the party opposing the privilege may use any nonprivileged evidence in support of its request for *in camera* review, even if its evidence is not 'independent' of the contested communications . . . ." *Id.* at 574.

Having carefully reviewed the parties' submissions, and particularly the evidence submitted by plaintiffs, the Court finds that plaintiffs have not shown a factual basis adequate to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies. Specifically, the Court finds that plaintiffs have not shown that their allegation of attorney participation in crime or fraud, specifically in the crimes of wire fraud, misprision of felony, and criminal conspiracy, has some foundation in fact. Accordingly, the Court finds that the crime-fraud exception does not apply to the documents at issue.

III. Conclusion

For the reasons set forth above, the Court DENIES plaintiffs' Motion to Compel and to Determine Claim of Privilege [docket no. 60] and ORDERS plaintiffs to destroy the documents in their possession that are protected by the attorney-client privilege.[4]

**IT IS SO ORDERED this 14th day of November, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiffs request this Court make a ruling that plaintiffs are not required to return these documents to the Investor Witnesses so that they can be used in litigation and other proceedings against the Investor Witnesses. As the Investor Witnesses are not parties to this case and plaintiffs have alleged no claims against them, the Court declines to address the propriety of using these documents against the Investor Witnesses.