IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) SOUTHAMPTON, LTD. and<br>(2) SOUTHWEST REINSURANCE, INC.<br><br>    Plaintiffs,<br><br>v.<br><br>(1) VAHID SALALATI, (2) GREGORY LUSTER, and (3) ROGER ELY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. 5:14-CV-00852-M<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION TO STRIKE AFFIDAVIT OF DAN GEORGE AND BRIEF IN SUPPORT**

Defendants Vahid Salalati, Gregory Luster and Roger Ely (hereinafter "Defendants"), for their Motion to Strike Affidavit of Dan George and Brief in Support, provide the following:

**INTRODUCTION**

Plaintiffs offer the Affidavit of Dan George in support of their Response to Defendants' Motion for Summary Judgment. *See* Response to Defendants' Motion for Summary Judgment and Brief in Support [Doc. 105], Exhibit 17. The sole purpose of the Dan George affidavit is to create sham fact issues by contradicting sworn testimony given by Plaintiffs' corporate representative.

**ARGUMENT AND AUTHORITY**

**I.    The Court Should Strike Dan George's Affidavit as a "Sham Affidavit"**

The Tenth Circuit has long recognized "the utility of summary judgment as a procedure for screening out sham fact issues would be greatly undermined if a party could

create an issue of fact merely by submitting an affidavit contradicting [its] own prior testimony. *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986); *see also Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1365-66 (8th Cir. 1983) and *City of St. Joseph v. Southwestern Bell Telephone*, 439 F.3d 468, 475-76 (8th Cir. 2006)(affidavit disregarded as a "sham" where it was filed and designed simply to avoid summary judgment). Although, "[a]n affidavit may not be disregarded [solely] because it conflicts with the affiant's prior sworn statements." *Franks*, 796 F.2d at 1237. "[C]ourts will disregard a contrary affidavit when they conclude that it constitutes an attempt to create a sham fact issue." *Id*. Courts consider the following factors in determining whether an affidavit creates a sham fact issue: (1) the affiant was cross-examined during his earlier testimony; (2) the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence; and (3) the earlier testimony reflects confusion which the affidavit attempts to explain. *Id*. A court must first "determine whether the conflicting affidavit is simply an attempt to create a 'sham fact issue'" before it may exclude it from summary judgment consideration. *Durtsche v. Am. Colloid Co.*, 958 F.2d 1007, 1010 n. 2 (10th Cir. 2002)(quoting *Franks*, 796 F.2d at 1237).

David May testified under oath as the corporate representative for Southampton, Ltd. and Southwest Reinsurance, Inc. in response to Fed. R. Civ. P. 30 (b)(6) deposition notices. *See* Rule 30 (b)(6) Notice, Exhibit 1; Rule 30 (b)(6) Notice, Exhibit 2. The topics May was deposed on included Michael Terry's authority to execute the documents at issue in this case. May provided sworn testimony as Plaintiffs' corporate representative

regarding Plaintiffs' due diligence, or lack thereof, in determining Terry's authority to execute the documents. Now, Plaintiffs wish to use a separate former employee, Dan George, to provide conflicting testimony on Plaintiffs' behalf to redefine the scope of Plaintiffs' due diligence, or lack thereof, in order to avoid summary judgment. In addition, all factors set forth by the court in *Franks* are satisfied. The Affidavit of Dan George is the very definition of a "sham affidavit" which should be stricken and excluded from consideration in ruling on Defendants' Motion for Summary Judgment and Brief in Support [Doc.89].

### A.   Identification of Conflict

In the case at bar, there is a clear conflict between the Affidavit of Dan George and the sworn testimony of Plaintiffs' corporate representative, David May. Moreover, a review of the factors considered by courts weigh in favor of striking the Affidavit of Dan George and excluding it from summary judgment consideration. The Affidavit of Dan George conflicts with the sworn testimony of Plaintiffs' corporate representative in the following ways:

May testified Plaintiffs could not say if anyone verified Michael Terry's alleged ability to sign on behalf of Four Horsemen. *See* Deposition of David May, Exhibit 3, at p. 105:1-10. In addition, he testified Plaintiffs did not know as of November 9, 2012 if Terry had the authority to sign the Guaranty on behalf of Four Horsemen. *See* Depo of David May, Exhibit 3, at p. 122:7-19. In contrast, in his affidavit Dan George testifies it was he who verified Terry's authority to sign on behalf of Four Horsemen and further sets forth the acts he allegedly undertook to confirm Terry's authority. *See* Affidavit of Dan George,

Exhibit 4. None of the "facts" set forth in George's affidavit were presented in May's deposition despite ample opportunity to do so.

### B.  David May Was Subject to Cross-Examination

The first *Franks* factor is satisfied as May was subject to cross-examination by Plaintiffs' counsel. *See McKinley Infuser, Inc. v. Zdeb*, 200 F.R.D. 648, 650-51 (D. Colo. 2000). As the court noted in *Zdeb*, examination by one's own counsel permits the witness to clear up legitimate misunderstandings (if there are any), to supply complete information in areas where the opposing party's questioning was not complete, and to provide facts which the opposing party's questions did not elicit at all. *Id*. Plaintiffs were afforded this opportunity at the deposition of their corporate representative. However, rather than doing so, it waited until responding to Defendants' Motion for Summary Judgment to supply an affidavit from a completely different employee. The first *Franks* factor is satisfied.

### C.  David May had Access to Pertinent Evidence

Terry's authority to execute the documents at issue in this case on behalf of Four Horsemen has been at issue since Defendants filed their Answer to Plaintiffs' Amended Complaint in May 2015. *See* Defendants' Answer to Plaintiffs' First Amended Complaint [Doc. 46], p. 6 ("Michael Terry did not have the requisite authority to bind Four Horsemen or any other entitles…"). The issue was brought to a head following Defendants' issuance of Fed. R. Civ. P. 30 (b)(6) deposition notices to Plaintiffs on topics related to Terry's authority to execute the contracts at issue in this case. *See* Order [Doc. 85]. So, knowing the topics which would be discussed, Plaintiffs designated May as their corporate representative. Rather than presenting Dan George, Plaintiffs presented David May. Mr.

May repeatedly stated he did not attempt to contact Dan George relating to any of the topics identified by Defendants. David May's deposition was taken March 29, 2017. *See* Depo May, Ex. 3 at p. 72:14 – p. 73:6; p. 86:11 – p. 20, Exhibit 3. Instead, Plaintiffs chose to wait until after Defendants filed their Motion for Summary Judgment to come forward with an affidavit of Dan George in hopes of defeating Defendants' summary judgment.[1] The second *Franks* factor is satisfied.

### D. Dan George's Affidavit Does Not Attempt to Explain Any Confusion

George's affidavit makes no attempt to argue May was confused by Defendants' questions in the 30 (b)(6) deposition. Likewise, Plaintiffs' counsel did not object Defendants' questioning in the deposition as confusing. Thus, the third *Franks* factor is satisfied.

### CONCLUSION

For the above reasons, Defendants request that Plaintiffs' sham affidavit of Dan George be stricken in entirety in accordance with the factors set forth in *Franks* and for sanctions pursuant to Fed. R. Civ. P. 56 (g).

---

[1] Defendants requested information relating to the whereabouts and deposition of Mr. George in April of 2016. Email DeWitt, April 6, 2016, Exhibit 5. On May 19, 2017, **over one (1) year later**, Plaintiffs' advised it had "found Dan George," and George wanted Plaintiffs' counsel to represent him with regard to discovery and counsel was "looking into this issue and will let you know." *See* Email Powers dated May 19, 2017, Exhibit 6. No further communication was received by Plaintiffs' counsel regarding Dan George until the Affidavit was filed in response to Defendants' Motion for Summary Judgment.

Respectfully submitted,

/s Derrick T. DeWitt
Derrick T. DeWitt, OBA #18044
Ryan L. Dean, OBA #21152
NELSON TERRY MORTON
   DeWITT & PARUOLO
P.O. Box 138800
Oklahoma City, Oklahoma 73113
Telephone:   405/705-3600
Facsimile:   405/705-2573
dewitt@ntmdlaw.com
dean@ntmdlaw.com
ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF MAILING**

This is to certify that on the 30th day of June, 2017, a true and correct copy of the above and foregoing was sent via ECF to:

Larry G. Cassil, Jr.
Werner A. Powers
Natalie Duboise
ATTORNEYS FOR PLAINTIFFS

/s Derrick T. DeWitt