# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

SOUTHAMPTON, LTD. and )
SOUTHWEST REINSURANCE, INC., )
                                        )
            Plaintiffs, )
                                        )
vs. )    Case No. CIV-14-852-M
                                        )
VAHID SALALATI, GREGORY )
LUSTER, and ROGER ELY, )
                                        )
            Defendants. )

## ORDER

Before the Court is plaintiffs' Motion to Strike the Expert Report of David Payne and to Strike or Limit the Opinions to Be Offered at Trial, filed June 30, 2017. On July 21, 2017, defendants filed their response, and on July 25, 2017, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

David Payne was retained by defendants as an expert regarding certain financial elements related to this case including impaired capital, inadequate capital, and insolvency. Plaintiffs now move this Court to strike Mr. Payne's expert report and to strike or limit the opinions to be offered by Mr. Payne at trial.

Federal Rule of Evidence 702 governs the admissibility of expert testimony based upon scientific, technical, or other specialized knowledge. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>     (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>     (b) the testimony is based on sufficient facts or data;
>     (c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.[1]

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court held that Rule 702 requires the trial court to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. at 589. In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999), the Supreme Court concluded that "*Daubert*'s general holding – setting forth the trial judge's general 'gatekeeping' obligation – applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." 526 U.S. at 141. With respect to the all-important reliability determination, the Supreme Court further concluded that "a trial court *may* consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine that testimony's reliability. But, as the Court stated in *Daubert*, the test of reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *Id.* (emphasis in original).

The "*Daubert* factors" that *may* be considered in assessing the reliability of proposed expert testimony are: (1) whether the theory or technique employed by the expert in formulating his expert opinion can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether, with respect to a particular technique, there is a high known or potential rate of error; (4) whether standards control operation of the technique; and (5) whether the theory or technique is generally accepted within the relevant professional community. *Id.* at 149-50 (quoting *Daubert*, 509 U.S. at 592-94). In *Kumho Tire*, the Court recognized that in some

---

[1] Plaintiffs do not challenge Mr. Payne's qualifications.

cases "the relevant reliability concerns may focus upon personal knowledge or experience," rather than scientific foundations. *Id.* at 150. In such cases, the trial court may focus on alternative factors that are better-suited to the specific type of expertise at issue. *Id.* at 150-52. "The objective of [the gatekeeping] requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152. "[T]he trial judge [has] considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.*

Further, when expert testimony is challenged under *Daubert*, the burden of proof regarding admissibility rests with the party seeking to present the testimony. *Truck Ins. Exch. v. Magnetek, Inc.*, 360 F.3d 1206, 1210 (10th Cir. 2004). "The focus [of the inquiry] . . . must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595. "However, an expert's conclusions are not immune from scrutiny: A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) (internal quotations and citation omitted). Additionally, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

The Tenth Circuit has explained the appropriate analysis as follows:

> The plaintiff need not prove that the expert is undisputably correct or that the expert's theory is "generally accepted" in the scientific community. Instead, the plaintiff must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which sufficiently satisfy Rule 702's reliability requirements.

3

*Truck Ins. Exch.*, 360 F.3d at 1210 (quoting *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 781 (10th Cir. 1999)).

Plaintiffs contend that defendants seek to use Mr. Payne's testimony not for legitimate purposes but to have Mr. Payne masquerade as a fact witness to unfairly bolster the credibility of defendants, as well as the credibility and independence of Mr. Deeba. Further, plaintiffs contend that Mr. Payne's opinions should be excluded based upon his disregard of the effect of the September 6, 2013 Order on the equity in the assets of Four Horsemen Auto Group, Inc. and its subsidiaries, his disregard of the testimony of Mr. Deeba that is was a "done deal" on September 6, 2013, his characterization of the transaction as a "bridge loan", his disregard of the fact the Mr. Le Norman was willing to part with over $2 million before closing, his opining as to ultimate issues in the case, and his improper focusing only on September 5, 2013 when making his solvency inquiry. Defendants assert that Mr. Payne's opinions are based in fact and supported by well-founded principals and methodologies. Defendants further assert that plaintiffs simply do not like the substance of Mr. Payne's opinions.

Having carefully reviewed the parties' submissions, as well as Mr. Payne's expert report, the Court finds that Mr. Payne's expert opinions are based upon sufficient facts and data and are the product of reliable principles and methods and that Mr. Payne reliably applied the principles and methods to the facts of this case. In formulating his opinions, Mr. Payne reviewed the filings in this case, the tax returns for Four Horsemen Auto Group, Inc. and other entities, the filings in the Stephens County lawsuit regarding the operation of the car dealerships, the corporate documents for Four Horsemen Auto Group, Inc., the Settlement Agreement with Michael Terry, bank account statements for Four Horsemen Auto Group, Inc., and a number of other documents relating to the issues in this case. Further, the Court finds that Mr. Payne reliably applied his

4

knowledge, training, and experience in accounting, insolvency, and forensic accounting to reach his opinions in this case. Finally, the Court finds that the majority of the objections plaintiffs have to Mr. Payne's opinions go to the weight, and not the admissibility, of these opinions and that during cross-examination, plaintiffs may thoroughly question Mr. Payne regarding all of the alleged deficiencies in his opinions.

Accordingly, the Court DENIES plaintiffs' Motion to Strike the Expert Report of David Payne and to Strike or Limit the Opinions to Be Offered at Trial [docket no. 115].

**IT IS SO ORDERED this 31st day of July, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE