# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

SOUTHAMPTON, LTD. and )
SOUTHWEST REINSURANCE, INC., )
                                     )
            Plaintiffs, )
                                     )
vs. ) Case No. CIV-14-852-M
                                     )
VAHID SALALATI, GREGORY )
LUSTER, and ROGER ELY, )
                                     )
            Defendants. )

## ORDER

Before the Court is defendants' *Daubert* Motion and Motion to Strike Plaintiffs' Identified Expert Witnesses, filed July 3, 2017. On July 21, 2017, plaintiffs filed their response. Based upon the parties' submissions, the Court makes its determination.

On June 5, 2017, plaintiffs filed their list of expert witnesses, including Bill Bigley and Emmett Rice. Plaintiffs state that Mr. Bigley will provide expert testimony regarding basic corporate financial documents (*i.e.*, tax returns, bank statements, and balance sheets) and how to interpret what those documents reveal. Plaintiffs further state that Mr. Rice is a highly respected car dealer in Amarillo and was one of the potential bidders for the assets held in receivership at issue in this case.

Defendants now move this Court to strike Mr. Bigley and Mr. Rice and preclude them from testifying at trial. Specifically, defendants contend that these witnesses should be stricken because plaintiffs failed to comply with Federal Rule of Civil Procedure 26(a)(2)(B). Defendants further contend that these witnesses should be stricken pursuant to Federal Rules of Evidence 620, 701, and 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny.

A. <u>Failure to provide an expert report pursuant to Rule 26(a)(2)(B)</u>

Rule 26(a)(2)(B) provides, in pertinent part:

> **(B)** *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. . . .

Fed. R. Civ. P. 26(a)(2)(B).

Defendants assert that Mr. Bigley and Mr. Rice were required to provide an expert report pursuant to Rule 26(a)(2)(B) and that they failed to do so.[1] Defendants, therefore, contend that Mr. Bigley and Mr. Rice should be stricken as expert witnesses in this case. Having carefully reviewed the parties' submissions, the Court finds that neither Mr. Bigley nor Mr. Rice were required to provide an expert report. Specifically, the Court finds that Mr. Bigley is an employee of plaintiffs who is not regularly involved in giving expert testimony and, thus, an expert report by Mr. Bigley is not required under Rule 26(a)(2)(B). The Court further finds that Mr. Rice has not been retained or specially employed by plaintiffs to provide expert testimony in this case and, thus, an expert report by Mr. Rice is not required under Rule 26(a)(2)(B). Accordingly, the Court finds that Mr. Bigley and Mr. Rice should not be stricken on this basis.

B. <u>*Daubert* challenge</u>

Defendants assert that plaintiffs' experts' opinions fall short of the requirements of Rule 702 and *Daubert* because (1) both Mr. Bigley and Mr. Rice have no specialized training or experience which qualifies them to provide expert testimony on the relevant issues in this case, and (2) Mr. Bigley's and Mr. Rice's opinions are not based on personal knowledge, are unreliable

---

[1] To the extent that Mr. Bigley is rebutting defendants' expert's opinions, Mr. Bigley has provided a written rebuttal report pursuant to Federal Rule of Civil Procedure 26(a)(2)(D)(ii).

and unfairly prejudicial, and do not assist the trier of fact. Federal Rule of Evidence 702 governs the admissibility of expert testimony based upon scientific, technical, or other specialized knowledge. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In undertaking its gatekeeping function, a court must first determine under Rule 702 whether the witness is qualified and whether the opinions expressed fall within his area of expertise. *See Graves v. Mazda Motor Corp.*, 675 F. Supp. 2d 1082, 1092-93 (W.D. Okla. 2009). "'[T]he issue with regard to expert testimony is not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question.'" *Id.* (quoting *Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir. 1994)).

If the court determines the witness is qualified, it must then determine whether the expert's opinions are reliable. In *Daubert*, the Supreme Court held that Rule 702 requires the trial court to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." Daubert, 509 U.S. at 589. In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999), the Supreme Court concluded that "*Daubert*'s general holding – setting forth the trial judge's general 'gatekeeping' obligation – applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." 526 U.S. at 141. With

respect to the all-important reliability determination, the Supreme Court further concluded that "a trial court *may* consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine that testimony's reliability. But, as the Court stated in *Daubert*, the test of reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *Id.* (emphasis in original).

The "*Daubert* factors" that *may* be considered in assessing the reliability of proposed expert testimony are: (1) whether the theory or technique employed by the expert in formulating his expert opinion can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether, with respect to a particular technique, there is a high known or potential rate of error; (4) whether standards control operation of the technique; and (5) whether the theory or technique is generally accepted within the relevant professional community. *Id.* at 149-50 (quoting *Daubert*, 509 U.S. at 592-94). In *Kumho Tire*, the Court recognized that in some cases "the relevant reliability concerns may focus upon personal knowledge or experience," rather than scientific foundations. *Id.* at 150. In such cases, the trial court may focus on alternative factors that are better-suited to the specific type of expertise at issue. *Id.* at 150-52. "The objective of [the gatekeeping] requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152. "[T]he trial judge [has] considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.*

Further, when expert testimony is challenged under *Daubert*, the burden of proof regarding admissibility rests with the party seeking to present the testimony. *Truck Ins. Exch. v. Magnetek,*

*Inc.*, 360 F.3d 1206, 1210 (10th Cir. 2004). "The focus [of the inquiry] . . . must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595. "However, an expert's conclusions are not immune from scrutiny: A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) (internal quotations and citation omitted). Additionally, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

The Tenth Circuit has explained the appropriate analysis as follows:

> The plaintiff need not prove that the expert is undisputably correct or that the expert's theory is "generally accepted" in the scientific community. Instead, the plaintiff must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which sufficiently satisfy Rule 702's reliability requirements.

*Truck Ins. Exch.*, 360 F.3d at 1210 (quoting *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 781 (10th Cir. 1999)).

1.  Mr. Bigley

Defendants assert that Mr. Bigley is not qualified to provide expert testimony in this case. Having carefully reviewed the parties' submissions, as well as Mr. Bigley's resume, the Court finds that based upon his vast experience, Mr. Bigley is qualified to provide expert testimony regarding corporate tax returns and related financial documents. Mr. Bigley has been a licensed certified public accountant in the State of Texas for over thirty years. Mr. Bigley also has thirty years of experience as a finance professional in numerous industries, but primarily in the automotive and extended warranty industry. Finally, Mr. Bigley has been a financial officer of more than four companies and has been employed as an auditor.

Defendants further assert that Mr. Bigley's expert testimony is neither relevant nor reliable. Having carefully reviewed the parties' submissions, as well as Mr. Bigley's rebuttal expert report, the Court finds that Mr. Bigley's expert opinions are both relevant and reliable. Specifically, the Court finds that Mr. Bigley's testimony will assist the trier of fact in that the jury likely will not be familiar with corporate tax returns and the other financial documents involved in this case. Additionally, the Court finds that Mr. Bigley's opinions are the product of reliable principles and methods and that Mr. Bigley reliably applied the principles and methods to the facts of this case. Mr. Bigley has reviewed and analyzed numerous financial documents, and based upon his vast experience, he has formed various opinions and conclusions regarding what those documents show, as well as the financial condition of Four Horsemen Auto Group, Inc. Finally, the Court finds that during cross-examination, defendants may thoroughly question Mr. Bigley regarding any alleged deficiencies in his opinions.

2. Mr. Rice

In their response, plaintiffs state that Mr. Rice has not been deposed nor has he been engaged as an expert witness but that given his vast experience in the automotive industry, it is certainly possible that should he be a witness at trial, he might provide opinions on what he thought the dealerships were worth or why they failed, as well as how franchise operations generally work. Plaintiffs further state they disclosed the possibility of opinion testimony in an abundance of caution so that defendants could evaluate whether to depose Mr. Rice.

Having carefully reviewed the parties' submissions, the Court finds that whether Mr. Rice will be able to present expert testimony at trial will depend on the exact testimony presented during the trial. Accordingly, the Court finds that any determination as to whether Mr. Rice will be able

to provide expert testimony is premature at this time. The Court will make such a determination at the appropriate time during the trial of this matter.

C.   Conclusion

Accordingly, the Court DENIES defendants' *Daubert* Motion and Motion to Strike Plaintiffs' Identified Expert Witnesses [docket no. 117].

**IT IS SO ORDERED this 2nd day of August, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE